### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN

MOUNT PLEASANT INVESTMENT
PROPERTIES, LLC, a Michigan Limited
Liability Company and MCGUIRK MINI
STORAGE, INC., a Michigan Corporation

Case No. 17-_____-
Hon. _____

           Plaintiffs,

v

CHARTER TOWNSHIP OF UNION,
and BENJAMIN GUNNING, Supervisor of the
Charter Township of Union

           Defendants.

                               /

Matthew L. Boyd (P73012)
Joseph E. Quandt (P49739)
KUHN ROGERS PLC
Attorneys for Plaintiffs
412 S. Union Street
Traverse City, MI 49684
(231) 947-7900
mlboyd@krlawtc.com
jequandt@krlawtc.com

                               /

### COMPLAINT

> There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

Plaintiffs Mount Pleasant Investment Properties, LLC and McGuirk Mini Storage, Inc., by and through its attorneys, Kuhn Rogers PLC, brings this Complaint against the Defendants and plead as follows:

## NATURE OF THE CASE

This case arises out of Defendants unlawful denial of Plaintiffs request for a special use permit for a mini storage business on real property in which Plaintiffs have an interest. Specifically, the Plaintiffs applied for a special land use permit and were denied same at Defendants' July 12, 2017 township board meeting. The actual vote to approve or deny the application for the special use permit was 3 for and 3 against. Plaintiffs believe that Defendants violated Plaintiffs' procedural and substantive due process and equal protection rights under the Fourteenth Amendment of the United States Constitution in their action on of Plaintiffs' special use permit application. Furthermore, that the Defendants, in doing so under the color of the law, violated the Plaintiffs' civil rights as provided for in 42 U.S.C. § 1983. Finally, Plaintiffs seek a reversal of the township board's decision regarding the special use permit application submitted under the provisions of the Charter Township Of Union's Zoning Ordinance.

## JURISDICTION AND VENUE

1.   This is an action to redress the deprivation of Plaintiffs' constitutional rights under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983. These federal questions confer the jurisdiction on this Court pursuant to 28 U.S.C. § 1331.

2.   The Plaintiffs also seek redress pursuant to Defendant's zoning ordinance and pursuant to Michigan's Zoning Enabling Act. This court has jurisdiction over Plaintiffs' state law claims as they derive from the same operative facts as Plaintiffs' federal claims.

3.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), since all defendants reside or resided in this district and the events giving rise to the claims occurred in this district.

## PARTIES

4. Plaintiff Mount Pleasant Investment Properties, LLC ("MPIP"), is a Michigan limited liability company, and at all relevant times was doing business in the Charter Township of Union, Isabella County, State of Michigan.

5. Plaintiff McGuirk Mini Storage, Inc. ("MMS") is a Michigan corporation and at all relevant times was doing business in the Charter Township of Union, Isabella County, State of Michigan. Plaintiff McGuirk Mini Storage, Inc. is the assignee in interest of the rights to acquire the subject real property. The identity and rights of Plaintiff McGuirk Mini Storage, Inc. was fully disclosed to Defendants prior to the action which is the basis of this Complaint.

6. MMS and MPIP are collectively referred to as "Plaintiffs".

7. Defendant Charter Township of Union (the "Township"), is a charter township incorporated pursuant to the State of Michigan's Charter Township Act, being Act 359 of 1947.

8. Defendant Benjamin Gunning ("Supervisor Gunning") is and was at all relevant times the duly elected supervisor of the Township.

## COMMON ALLEGATIONS

9. On April 5, 2017 Plaintiff MPIP entered into a purchase agreement with Greenspace, Inc. for approximately 26.2 acres of real property, property ID 14-020-20-001-01, commonly known as 1982 E. Remus Road, Mount Pleasant, MI 48858 ("Parcel"). The Parcel is more fully described in the attached purchase agreement, Exhibit A.

10. This purchase agreement was assigned by right and consent to Plaintiff MMS pursuant to an assignment attached as Exhibit B.

3

11. The Parcel is currently zoned B-5 Highway Business District and located in the Charter Township of Union.

12. The purchase agreement provides Plaintiffs' the right to seek special use permit approval, importantly Plaintiffs' right to purchase was not conditioned on approval of any special use permits.

13. Plaintiff MMS is scheduled to close on the Parcel on August 3, 2017.

14. Section 30.2(A) of the Township's zoning ordinance (the "Ordinance") requires that all applications for a special use permit be submitted through the zoning official to the Township's planning commission (the "PC").

15. The zoning official for Defendant Township is Peter Gallinat, ("Gallinat"), whose official title is township planner.

16. On May 30, 2017, Plaintiffs submitted an application to Gallinat for a special use permit related to the Parcel (the "SUP"), designated as SUP 2017-05, Exhibit C.

17. The requested special use in the SUP application was for self-storage buildings. The Ordinance permits such use for B-5 zoned property, and the use may be permitted through the special use permitting process. *See* Chapter 23, section 23.3 of the Ordinance, Exhibit D.

18. Pursuant to the Ordinance, the PC scheduled a public hearing to review the SUP on June 20, 2017. *See* Section 30.2(C) of the Ordinance, Exhibit E.

19. On or before June 20, 2017, Defendants had knowledge that Plaintiffs' entities are wholly owned by Richard "Rick" McGuirk and Leroy "Chuck" McGuirk (the "McGuirks").

20. On June 20, 2017, the PC reviewed the SUP application and the accompanying site plan.

21. As required under the Ordinance, section 30.2(D), Gallinat supplied the PC, as part of their meeting packet, with a copy of his report based on his review of the SUP

4

application. That review was based on the required approval standards as outlined in the Ordinance at sections 30.3 and 30.4(U). The standards are attached as Exhibit F.

22. Gallinat recommended that the PC approve the SUP. A copy of Gallinat's report is attached as Exhibit G).

23. In addition to Gallinat's approval of the SUP application, there was overwhelming public support for the Plaintiffs development project and SUP. A copy of the PC meeting minutes from SUP 2017-05 is attached as Exhibit H.

24. As part of the July 20, 2017 meeting, the PC held a public hearing on the SUP. After closing the public hearing, the PC voted to approve the site plan and voted to recommend that the Township's board of trustees (the "Board") approve the SUP. (*See* page 4 of Exhibit H).

25. The Board scheduled the SUP for consideration on its July 12, 2017 agenda.

26. On July 6, 2017, Plaintiffs supplied the Board with a proposed resolution that addressed each general and specific land use standard set forth in the Ordinance, and provided detailed factual support for the SUP. Plaintiffs requested the resolution and its contents be added to the record of the proceedings. (*See* attached resolution, Exhibit I).

27. Based on the record, history, and competent evidence, it was and continues to be the Plaintiffs' belief that Supervisor Gunning has a longstanding personal bias against the McGuirks and their respective business entities and operations. On numerous past occasions Supervisor Gunning has expressed hostility towards the McGuirks personally and deep opposition to other McGuirk projects. Supervisor Gunning's past comments rose to such a level that it was the McGuirks' reasonable expectation that Supervisor Gunning would recuse himself from all actions related to Plaintiffs' SUP if and when any action of the Board was necessary.

5

28. Upon information and belief, Supervisor Gunning prior to or on the night of the June 20, 2017 PC meeting began efforts to thwart the Plaintiffs' efforts to obtain SUP approval.

29. Supervisor Gunning's efforts to undermine Plaintiffs' development project greatly concerned Plaintiffs about their investment. Indeed, it appeared Plaintiffs rights were being systematically undermined by Supervisor Gunning.

30. In response, on July 12, 2017, Plaintiffs advised Defendants via a letter that they believe Supervisor Gunning was biased and should recuse himself from any actions or considerations related to Plaintiffs' SUP application that was on the agenda for the Board meeting. Copies of the letter were sent to Supervisor Gunning, all the Board members and the Township's attorney. A copy of that letter and supporting material which is part of the record is attached as Exhibit J.

31. Supervisor Gunning's prior comments regarding the Plaintiffs' and/or the McGuirks are voluminous. Excerpts of these comments are attached as Exhibit K, and Supervisor Gunning's comments are underlined for ready reference. Plaintiffs incorporate Supervisor Gunning's comments as if stated in full herein.

32. At 7pm on July 12, 2017, the Board held their regularly scheduled meeting.

33. The agenda of the meeting did not include any reference to Supervisor Gunning's clear conflict of interest, and did not include reference to the letter Plaintiffs' counsel circulated. The agenda was approved without any addition of these items.

34. At the beginning of the July 12, 2017 Board meeting, Plaintiffs' counsel asked Supervisor Gunning if the SUP applicant would be allowed to speak and advocate for the proposed project when the agenda item was open or if the SUP applicant should take the opportunity to address the Board during the first public comment period. Supervisor Gunning confirmed

6

that the applicant would be given the opportunity to speak during the time when the agenda item was open and therefore would not need to speak during the public comment period. *See* transcript, Exhibit L at page 4, line 21 through page 5, line 14.

35. It was clear during the Board meeting that the public support for the SUP application was overwhelming. In fact, only 1 of the 21 public comments received was in opposition to the SUP application. *See* the meeting minutes attached as Exhibit M and Exhibit L at page 5, line 15 through page 25, line 17.

36. As was the case during the PC meeting on June 20, 2017, the Defendants' administrative staff recommended approval of the SUP application by the Board. *See* Exhibit L at page 48 lines 4 through 7.

37. However, when the agenda item for Plaintiffs' SUP was opened and discussion began, Supervisor Gunning failed to recuse himself. At that time, Plaintiffs' counsel asked Supervisor Gunning if he had received the letter, Exhibit J , that set forth Plaintiffs' concerns regarding Supervisor Gunning's clear bias against the McGuirks. Supervisor Gunning confirmed that he did receive the letter and its request that he recuse himself based on his obvious conflict of interest and bias. *See* Exhibit L at page 57, lines 8 through 16.

38. Further, Plaintiffs' counsel asked Supervisor Gunning's about his intent and his continued engagement on the SUP application. Supervisor Gunning confirmed that he intended to be fully engaged in the deliberation and decision on Plaintiffs' SUP application. *See* Exhibit L at page 57, lines 8 through 16.

39. Plaintiffs' were not given the opportunity to have a meaningful discussion on the full extent of the SUP application as Supervisor Gunning denied Plaintiffs' counsel a meaningful opportunity to be heard during the meeting, despite assurances to the contrary.

7

40. Plaintiffs' counsel repeatedly requested the opportunity to speak on Plaintiffs' behalf. It was clear that the Board lacked a sufficient understanding of the general and specific standards that applied to the SUP. *See* Exhibit L at page 45, line 9 through page 87, line 16.

41. Plaintiffs' counsel also repeatedly requested the opportunity to correct erroneous facts related to the SUP. See Exhibit L at page 52, lines 14 through 19, page 59, lines 20-23 and pages 66, line 23 through page 67, line 5.

42. Plaintiffs' attorney requested that the Board review the proposed resolution and analysis of each standard that applied to the SUP, to help the Board to understand the position, reasoning, and factual basis supporting a decision on each element required to be considered as part of the SUP process. However, Supervisor Gunning would not consider such a review. *See* Exhibit J and Exhibit L at page 45, line 9 through page 87, line 16.

43. The Board failed to provide Plaintiffs with any meaningful opportunity to discuss the SUP application or respond to the numerous factual errors raised. Plaintiffs were only allowed to discuss a few items, consisting of Plaintiffs' counsel pointing out that the Board was discussing facts unrelated to the SUP application. *See* Exhibit L at page 45, line 9 through page 87, line 16.

44. After a partial discussion by the Board, a motion to approve the SUP was made and seconded. The vote was 3-3, and the motion failed. *See* Exhibit L at page 55, line 5 through page 56, line 9 and page 86, line 15 through page 87, line16.

45. In response to the blatant actions by the Defendants' in mishandling the SUP application and violation of Plaintiffs' due process and equal protection rights, Plaintiffs bring this action seeking this Court's redress. The Plaintiffs seek judgment against the Defendants for their federal claims and also seeks a reversal of the Board's denial of the SUP application.

<u>COUNT I</u>
<u>VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS RIGHT</u>
<u>TO A FAIR AND IMPARTIAL TRIBUNAL</u>

46. Paragraphs 1 through 45 are incorporated by reference as if stated in full herein.

47. The Federal Constitution provides that, "no person…[shall] be deprived of life, liberty, or property without due process of law." (US Const. Am XIV.)

48. Plaintiffs have a protected interest in the Parcel.

49. Defendants have deprived Plaintiffs of their interest.

50. Procedural due process requires that government provide notice and an opportunity to be heard. *Board of Review v. Roth*, 408 US 564, 570 (1972).

51. This includes that the hearing provide a meaningful opportunity to be heard and that the hearing be fair and impartial.

52. The Board, in considering a special use permit, sits as a quasi-judicial body and owes to each special use permit applicant a fair and impartial decision making body as well as a fair and impartial process. *Goldberg v. Kelly*, 397 U.S. 254, 271 (1970) , see also *Fuentes v. Shevin*, 407 U.S. 67, 80–81 (1972).

53. Supervisor Gunning's statements prior to the Board's review of Plaintiffs' SUP is clear evidence of the factual predicate for bias by Supervisor Gunning against the Plaintiffs. Such bias necessitated his recusal from any action related to the consideration of Plaintiffs' SUP.

54. Once Supervisor Gunning's bias was clearly identified, it was legally impermissible for Supervisor Gunning to maintain his role as a decision maker related to the Plaintiffs' SUP application.

55. In allowing Supervisor Gunning to act in his role as the parliamentarian, and allowing him to participate in any manner in the processing or consideration of the SUP application, the

9

Township denied Plaintiff a fair and impartial tribunal in violation of the Fourteenth Amendment to the United States Constitution.

*Wherefore,* Plaintiffs request that this Court find that Defendants denied Plaintiffs a fair and impartial tribunal in consideration of Plaintiffs' SUP application and thus violated Plaintiffs' due process rights, and order other relief as justice so requires. Plaintiffs further respectfully requests that this Court:

A) Enter an order setting aside Defendant Supervisor Gunning's vote on Plaintiffs' SUP application for being void,

B) Enter an order directing Defendant Township to approve Plaintiffs' SUP application,

C) Enter an order awarding Plaintiffs monetary damages, costs and attorneys' fees, and

D) Order such further legal and equitable relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS RIGHT TO A HEARING AND OPPORTUNITY TO BE HEARD

56. Paragraphs 1 through 55 are incorporated by reference as if stated in full herein.

57. Governmental bodies, such as the Township, must provide an opportunity to be heard in a meaningful way and at a meaningful time.

58. At the beginning of the Board meeting on July 12, 2017, Plaintiffs' counsel asked Supervisor Gunning if the applicants for the SUP would be allowed to speak and advocate for the SUP application when the agenda item was open or if the applicant should take time to speak during the first public comment period.

10

59. Supervisor Gunning confirmed that the applicant would be given the opportunity to speak during the time when the agenda item was open and therefore would not need to speak during public comment. Plaintiffs' counsel relied on Supervisor Gunning's statements.

60. When Plaintiffs' SUP agenda item was open, and despite Supervisor Gunning's representation that Plaintiffs' counsel would be allowed to speak, no meaningful opportunity was provided. Plaintiffs' counsel made several attempts to speak in order to respond to errors regarding the SUP application, but was denied the opportunity to do so.

61. When Plaintiffs' counsel was finally allowed to discuss the SUP application he was not provided the opportunity to fully address the erroneous statements and notably was not allowed to present additional evidence to support the necessary general and specific standards for the SUP application.

62. The Defendants blatantly denied Plaintiffs the opportunity to speak and to present their supporting material for the SUP application.

63. The actions by Defendants directly violate the protections afforded the Plaintiffs for an opportunity to be heard in a meaningful way and therefore violate the Fourteenth Amendment to the United States Constitution.

*Wherefore,* Plaintiffs request that this Court find that Defendants denied Plaintiffs the opportunity to heard during the Board meeting in which the Plaintiffs SUP application was being discussed, despite assurances to the same, and that such actions violated Plaintiffs' due process rights. Plaintiffs further respectfully requests that this Court:

A) Enter an order setting aside Defendant Supervisor Gunning's vote on Plaintiffs' SUP application for being void,

B) Enter an order directing Defendant Township to approve Plaintiffs' SUP application,

11

C) Enter an order awarding Plaintiffs monetary damages, costs and attorneys' fees, and

D) Order such further legal and equitable relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS RIGHT TO A DECISION ON THE RECORD

64. Paragraphs 1 through 63 are incorporated by reference as if stated in full herein.

65. In order to sustain its position regarding the deprivation of life, liberty or property, a governmental body, (including Defendant Township) must establish, at a minimum, that there is substantial and credible evidence supporting its decision. This means that "[T]he decisionmaker's conclusion…must rest solely on the legal rules and evidence adduced at the hearing…To demonstrate compliance with this elementary requirement, the decisionmaker should state the reasons for his determination and indicate the evidence he relied on…" *Goldberg v. Kelly*, 397 U.S. 254, 271 (1970).

66. In order for the SUP to be approved, the Ordinance requires that ten general and ten special standards be met.

67. The Board at best made only conclusory statements related to the ten general standards.

68. Furthermore, the Board never discussed any of the specific standards or requirements.

69. Defendants did not provide for an opportunity for Plaintiffs to be heard in a meaningful way and ignored facts submitted by the Plaintiffs which support findings in favor of granting the SUP. The Defendants' actions violated the Due Process Clause of the Fourteenth Amendment.

70. The Boards decision represents a final, definitive position that inflicts an actual, concrete and particularized injury upon the Plaintiffs.

71. The Board's decision, as applied to the Plaintiffs, was not factually based on accurate information and therefore was arbitrary and capricious.

72. Defendants, by virtue of the failure to provide a factual record to support their decision regarding the Plaintiff's SUP , have and will continue to deprive the Plaintiff of liberty and property by an arbitrary exercise of its quasi-judicial power.

73. These actions each violate Plaintiffs' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution.

*Wherefore,* Plaintiffs request that this Court find that Defendants denied the Plaintiffs a decision based upon the record; that the decision of Defendants was not supported by the record and failed to carry out their duties imposed by the Ordinance, violating Plaintiffs due process rights. Plaintiffs further respectfully requests that this Court:

A) Enter an order setting aside Defendant Supervisor Gunning's vote on Plaintiffs' SUP application for being void,

B) Enter an order directing Defendant Township to approve Plaintiffs' SUP application,

C) Enter an order awarding Plaintiffs monetary damages, costs and attorneys' fees, and

D) Order such further legal and equitable relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF THE FOURTEENTH AMENDMENT RIGHT TO EQUAL PROTECTION OF THE LAW

74. Paragraphs 1 through 73 are incorporated by reference as if stated in full herein.

75. The United States Constitution guarantees equal protection of the laws. (U.S. Const., Am XIV). Equal protection requires that government action promote a public purpose and not be based on personal motivations, most notably personal animus.

76.   An official's private goals are not a legitimate justification for official conduct.

77.   Supervisor Gunning's bias, failure to recuse himself, and actions to influence other Board members to deny Plaintiff's SUP application was intentionally done with the specific purpose of treating Plaintiff differently than others similarly situated.

78.   Supervisor Gunning's bias against Plaintiffs and their principals is the necessary explicit animus, vindictiveness and/or corruption that infects government action with illegitimate private motivation.

79.   The Township failed to provide proper lawful and factual support for their decision on the record.

80.   Supervisor Gunning's biased intent and clear animus, as well as the Township's failure to provide the necessary lawful and factual support in the record for its decision on the Plaintiff's SUP application demonstrates that there is no rational basis for the Defendants' actions and same did not advance a legitimate governmental interest.

81.   The actions of the Defendants lead to an "intentional and arbitrary" decision, violating the Plaintiffs' equal protection rights pursuant to the Fourteenth Amendment to the United States Constitution.

*Wherefore,* the Plaintiffs requests that this Court find that the Defendants violated Plaintiffs' equal protection rights by: 1) failing to provide an impartial forum in which to evaluate Plaintiffs' SUP application; 2) by failing to control or supervise the actions of Supervisor Gunning; 3) by failing to properly evaluate Plaintiffs' SUP application under the Ordinance; 4) by failing to enumerate the reasons for the denial of Plaintiffs' SUP application; and, 5) by failing to provide any rational basis in which to deny Plaintiffs' SUP application. Plaintiffs' further respectfully requests that this Court:

14

A) Enter an order setting aside Defendant Supervisor Gunning's vote on Plaintiffs' SUP application for being void,

B) Enter an order directing Defendant Township to approve Plaintiffs' SUP application,

C) Enter an order awarding Plaintiffs monetary damages, costs and attorneys' fees, and

D) Order such further legal and equitable relief as the Court may deem just and proper.

**COUNT V**
**VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1983**

82. Paragraphs 1 through 81 are incorporated by reference as if stated in full herein.

83. The Defendants have a constitutional duty to provide a fair and impartial tribunal and provide a reasonable opportunity to be heard. The Defendants had the responsibility to render a decision based on the record and provide equal protection under the law.

84. Supervisor Gunnings participation in the SUP application decision should have not been allowed. Not only did Supervisor Gunning fail to recuse himself, he was allowed by the Board, without objection, to participate in the SUP application process despite the clear evidence of his bias and animosity against the McGuirks.

85. The Township was required to protect Plaintiffs from numerous violations of their civil rights pursuant to 42 U.S.C. § 1983.

86. Supervisor Gunning's failure to recuse himself violated the Plaintiffs' right to a fair and impartial tribunal.

87. Supervisor Gunning, acting in any capacity related to the SUP application, failed to provide Plaintiffs with an opportunity to be heard in a meaningful way.

88. Defendants' failed to provide a sufficient record basis for their decision to deny the Plaintiffs' SUP application. Defendants did not apply the standards set forth in the Ordinance

15

to the SUP application, did not make specific findings of fact related to each of those standards and otherwise did not support its decision in denying the SUP application.

89. Supervisor Gunning had biased intent and personal animus against the Plaintiffs and the McGuirks. Defendants' lacked any rational basis for their decision, and the decision was not based upon material, substantial, or competent evidence but rather was made based on Supervisor Gunning's bias.

90. Defendants, acting under color of state law, have deprived and continue to deprive Plaintiffs of their rights guaranteed by the Fourteenth Amendment to the United States Constitution, violating the Civil Rights Act of 1866, 42 U.S.C. § 1983.

*Wherefore*, the Plaintiff requests that this Court find that the Defendants violated Plaintiffs' civil rights pursuant to 42 U.S.C. § 1983 by failing to: 1) provide an impartial forum in which to evaluate Plaintiffs' SUP application; 2) by failing to control and supervise the action of Supervisor Gunning; 3) by failing to properly evaluate Plaintiffs' SUP application under the Ordinance; 4) by failing to properly enumerate the reasons for the denial of Plaintiffs' SUP application; and, 5) by failing to provide a rational basis on which to deny Plaintiffs' SUP application. Plaintiffs' further respectfully requests that this Court:

A) Enter an order setting aside Defendant Supervisor Gunning's vote on Plaintiffs' SUP application for being void,

B) Enter an order directing Defendant Township to approve Plaintiffs' SUP application,

C) Enter an order awarding Plaintiffs monetary damages, costs and attorneys' fees, and

D) Order such further legal and equitable relief as the Court may deem just and proper.

16

## COUNT VI
## REVIEW OF THE BOARD'S DECISION PER THE CHARTER TOWNSHIP OF UNION'S ZONING ORDINANCE

91.     Paragraphs 1 through 90 are incorporated by reference as if stated in full herein.

92.     Townships Ordinance states at section 30.2(f):

Appeal: Within twenty-one (21) days following the date of decision on any special use permit, an applicant or an aggrieved party, including any governmental body or agency, may appeal the decision to the Circuit Court. (*See* Exhibit F).

93.     The Michigan Constitution states that:

All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record.

94.     For the reasons stated herein, the Board's decision regarding the SUP application was not supported by material, substantial, or competent evidence. Indeed, the Board did not evaluate the requisite elements prescribed by the Ordinance despite Plaintiffs' counsel's insistence and instead voted on the SUP application without supporting that decision on the record.

95.     The Board's decision was arbitrary, capricious, and was not supported by the record.

96.     Upon information and belief, the Board was improperly influenced by Supervisor Gunning who has a clear, personal bias and animus against the Plaintiffs and the McGuirks. This influence impacted the Board to such an extent that the Board failed to carry out its duties in impartially and fairly evaluating the SUP application and apply the standards as prescribed by the Ordinance.

17

97. In reviewing the SUP application and the record created, it is clear that the Board erred in denying the SUP application. The SUP meets all of the general and standard requirements of the Ordinance, was approved by the PC, and otherwise should have been approved by the Board.

98. Despite the record, the Board improperly denied the SUP application.

99. The Board's decision represents a final decision. That decision has inflicted a concrete and particularized injury on the Plaintiffs.

100. The Plaintiffs have exhausted their administrative remedies, and seek a review of the Board's decision as permitted by Ordinance.

*Wherefore,* the Plaintiffs respectfully request that this Court reverse the Board's decision regarding the SUP application, and find that the SUP application meets all of the general and special standards set forth in the Ordinance. Plaintiffs seek any other relief deemed appropriate by this Court in light of the circumstances presented.

Respectfully Submitted,

KUHN ROGERS PLC

Dated: August 2, 2017            By:      /s/ Matthew L. Boyd
                                          Matthew L. Boyd (P73012)
                                          Joseph E. Quandt (P49739)
                                          Kuhn Rogers, PLC
                                          Attorneys for Plaintiff
                                          412 S. Union Street
                                          Traverse City, MI 49684
                                          (231) 947-7900
                                          mlboyd@krlawtc.com
                                          jequandt@krlawtc.com